IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMPLIFY SNACK BRANDS, INC., | § § § | Civil Action No. __1:17-CV-00334__ |
| Plaintiff, | § § | |
| v. | § § § | **JURY TRIAL DEMANDED** |
| SNYDERS-LANCE, INC., KETTLE FOODS, LTD., and METCALFE'S SKINNY, LTD., | § § § § § | |
| Defendants. | § § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
DILUTION, FALSE DESIGNATION OF ORIGIN,
UNFAIR COMPETITION AND DECLARATORY RELIEF**

Plaintiff Amplify Snack Brands, Inc. ("Amplify") brings this Complaint against Defendants Snyder's-Lance, Inc., Kettle Foods, Ltd., and Metcalfe's Skinny, Ltd. ("Defendants") and alleges, on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

**INTRODUCTION**

1. Plaintiff Amplify brings this trademark action to halt Defendants' deceptive use and importation of popcorn products that directly infringe upon the most valuable trademark in popcorn, SKINNYPOP®.

2. Amplify is an Austin, Texas based maker of "better-for-you" snack foods including ready-to-eat popcorn sold under the SKINNYPOP® brand name, in which Amplify holds longstanding and incontestable trademark rights. The company's SKINNYPOP® popcorn is sold in thousands of stores across the United States, including Sam's Club, Kroger, Walgreens, BJ's Wholesale Club, Target, Walmart, Publix, Albertsons, and Safeway.

1

3. The SKINNYPOP® mark is the most recognizable and popular better-for-you bagged popcorn brand in the U.S. In 2016, Amplify sold over $200 million and 60 million units of product, which consistently has demonstrated strong brand loyalty amongst its consumers.

4. Recently, Defendant Kettle Foods, Ltd., a United Kingdom-based subsidiary of Defendant Snyders-Lance, Inc., filed intent-to-use trademark applications (the "Infringing Applications") with the U.S. Patent and Trademark Office ("USPTO") for competing popcorn products using "SKINNY"-formative trademarks, including "METCALFE'S **SKINNY"** and "METCALFE'S **SKINNY** TOPCORN" (the "Infringing Marks"). Defendants also filed declarations disclosing that they imminently plan to launch such products in the U.S., where they will compete head-to-head with SKINNYPOP®.

5. Amplify also has discovered that Defendants are currently selling products bearing the Infringing Marks into Texas and other states through online resellers, including the U.S. website of Amazon.com.

6. Amplify has expended millions of dollars marketing and protecting the SKINNYPOP® mark from competitors. It has obtained judgments and stipulations against would-be imitators to prevent them from using "SKINNY" in connection with the sale or marketing of popcorn or popcorn-like products, including on the grounds that such use would confuse consumers.

7. Defendants' admitted application and intent to use the Infringing Marks in the U.S., and their selling of products in this State, constitute overt trademark infringement and a classic attempt to trade off of an established brand's goodwill and value. These actions not only are likely to confuse consumers, but will inevitably erode SKINNYPOP®'s brand. Through counsel, Amplify informed Defendants regarding their misuse of Amplify's trademark, but Defendants have not responded.

8. Amplify seeks a preliminary and permanent injunction, declaratory relief, damages (including disgorgement of profits), costs and attorneys' fees, among other relief, to remedy Defendants' conduct.

## THE PARTIES

9. Plaintiff Amplify Snack Brands, Inc. ("Amplify") is a publicly traded company with its principal place of business in Austin, Texas. It is registered as a corporation under the laws of Delaware and trades under the Ticker Symbol BETR. Amplify is the parent company of Delaware limited liability company SkinnyPop Popcorn, LLC, owner of the incontestable trademark registration for SKINNYPOP® and other "SKINNY"-formative marks.

10. Defendant Snyder's-Lance, Inc. ("Snyder's-Lance") is, upon information and belief, a North Carolina corporation with its principal place of business at 13515 Ballantyne Corporate Place, Charlotte, North Carolina 28277 that sells snack products including ready-to-eat popcorn around the country, including in Texas and this District.

11. Defendant Kettle Foods, Ltd. ("Kettle U.K.") is, upon information and belief, a corporation organized under the laws of the United Kingdom with its principal place of business at 38 Barnard Road, Bowthorpe Employment Area, Norwich, Norfolk, NR5 9JP, United Kingdom that has submitted the Infringing Applications to the U.S. Patent and Trademark Office. Upon information and belief, Kettle U.K. is a wholly-owned subsidiary of Defendant Snyder's-Lance through subsidiaries including DKFA, Ltd., Kettle Foods Holdings, Inc., DKFA Intermediate, Ltd., and DKFA UK Holdings, Ltd.

12. Defendant Metcalfe's Skinny Ltd. ("Metcalfe's") is, upon information and belief, a corporation organized under the laws of the United Kingdom with its principal place of business at 38 Barnard Road, Bowthorpe Employment Area, Norwich, Norfolk, NR5 9JP, United Kingdom that sells snack products, including ready-to-eat popcorn, into the United States, including Texas and this District. Upon information and belief, Metcalfe's is a wholly-owned subsidiary of Defendant Snyder's-Lance through subsidiaries including DKFA, Ltd., Kettle Foods Holdings, Inc., DKFA Intermediate, Ltd., and DKFA UK Holdings, Ltd.

13. Upon information and belief, Defendants operate under a unified management structure controlled and directed by Defendant Snyder's-Lance. Each Defendant acted in concert

with the other Defendants and aided, abetted, directed, approved, or ratified each act or omission alleged in this Complaint to have been performed by Defendants.

## JURISDICTION AND VENUE

14. This action arises and is brought under the Trademark Act, known as the Lanham Act, 15 U.S.C. §§ 1050, *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

15. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338.

16. This Court possesses personal jurisdiction over Defendant Snyder's-Lance because Snyder's-Lance regularly and continuously transacts business in the State of Texas by advertising and selling its products within the State and this district, including sales of ready-to-eat popcorn under its Cape Cod, Jays, and/or Lance brands at no fewer than 25 stores within 20 miles of the city of Austin alone.

17. This Court possesses personal jurisdiction over Defendant Kettle U.K. because Kettle U.K. has targeted its activities at this District by submitting the Infringing Applications to the U.S. Patent and Trademark Office in an attempt to acquire exclusive nationwide trademark rights, including in Texas and this District.  Furthermore, Defendant Kettle U.K. submitted a verified statement in connection with the Infringing Applications declaring that it has a bona fide intent to use the Infringing Marks in commerce in the United States.  Upon information and belief, Kettle U.K. either expected or reasonably should have expected that its activities would have consequences in this District.

18. Alternatively, this Court possesses personal jurisdiction over Defendant Kettle U.K. pursuant to Fed. R. Civ. P. 4(k)(2) because on information and belief, Kettle U.K. is not subject to jurisdiction in any particular State's courts of general jurisdiction, and because Kettle U.K. has extensive contacts with the United States, including through its submission of the Infringing Applications in an attempt to acquire exclusive nationwide trademark rights in the United States, as well as through its corporate relationship with Snyder's-Lance.  Furthermore, Defendant Kettle U.K. submitted a verified statement in connection with the Infringing

Applications declaring that it has a bona fide intent to use the Infringing Marks in commerce in the United States.

19.     This Court possesses personal jurisdiction over Defendant Metcalfe's because, on information and belief, Metcalfe's knowingly sells products to third parties for resale in Texas and this District.  Additionally, upon information and belief, Metcalfe's has targeted its activities at this District by cooperating with Kettle U.K.'s submission of the Infringing Applications in an attempt to acquire exclusive nationwide trademark rights in the Infringing Marks, including in Texas and this District.  Upon information and belief, Defendant Metcalfe's either expected or reasonably should have expected that its activities would have consequences in this District.

20.     Alternatively, this Court possesses personal jurisdiction over Defendant Metcalfe's pursuant to Fed. R. Civ. P. 4(k)(2) because on information and belief, Metcalfe's is not subject to jurisdiction in any particular State's courts of general jurisdiction, and because Metcalfe's has extensive contacts with the United States, including through its cooperation with Kettle U.K.'s submission of the Infringing Applications in an attempt to acquire exclusive nationwide trademark rights in various "METCALFE'S" phrases, as well as through its corporate relationship with Snyder's-Lance.

21.     Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this district. Plaintiff Amplify has its headquarters in this district and regularly conducts business here.

## FACTUAL BACKGROUND

22.     Amplify and its predecessors began selling its ready-to-eat popcorn under the famous SKINNYPOP® mark in 2010.  Since then, the brand has enjoyed enormous and rapid recognition among consumers and retailers throughout the United States, and has acquired significant goodwill and fame.

23.     Amplify and its affiliates own "SKINNY"-formative trademarks registered with and granted by the U.S. Patent and Trademark Office, including SKINNYPOP® (U.S. Reg. No. 3971482), THE BIG SKINNY® (U.S. Reg. No. 4265552), and SKINNYPACK® (U.S. Reg. No.

4142288) (the "Amplify SKINNY Marks"). The Amplify SKINNY Marks are owned by SkinnyPop Popcorn, LLC, a wholly-owned subsidiary of Amplify. True and correct copies of Amplify's trademark registrations are appended to this Complaint as **Exhibit A**.

24. The SKINNYPOP® mark has been registered for more than five years. The USPTO granted registration for SKINNYPOP® in connection with popcorn on or about May 31, 2011.

25. The SKINNYPOP® registration is incontestable as a matter of law. Amplify's subsidiary, SkinnyPop Popcorn LLC, filed a Combined Declaration of Use and Incontestability with the USPTO with respect to the SKINNYPOP® mark on or about April 3, 2017.

26. SKINNYPOP® products are sold by thousands of retailers throughout the country including at major grocery stores such as Sam's Club, Kroger, Walgreens, BJ's Wholesale Club, Target, Walmart, Publix, Albertsons, and Safeway.

27. SKINNYPOP® products currently are the number one selling better-for-you ready-to-eat popcorn brand in the United States, with more than twice the market share of its nearest competitor. SKINNYPOP® also commands the second-largest overall market share of any ready-to-eat popcorn brand, with a 20% market share, more than three times its nearest competitor. Amplify sells more than 60 million units of SKINNYPOP® popcorn across the United States on an annual basis, yielding more than $200 million in sales.

28. With this success, the Amplify SKINNY Marks themselves have become strong and distinctive in association with popcorn products.

29. By virtue of its strong brand and iconic Amplify SKINNY Marks, SKINNYPOP® is the most-trusted ready-to-eat popcorn brand. The SKINNYPOP® popcorn enjoys the highest rate of repeat customers in the ready-to-eat popcorn category.

30. SKINNYPOP® also enjoys the greatest overall customer satisfaction rating among all ready-to-eat popcorn brands.

31. SKINNYPOP® and the Amplify SKINNY Marks have been lauded widely in the national press, online, and on social media. In 2017 alone, online articles featuring SKINNYPOP®

6

have generated more than 150 million user impressions and SKINNYPOP® is regularly featured in national media outlets including a feature slot as part of a "National Popcorn Day" segment on NBC's "Today Show."

33. Amplify has invested significant resources building and maintaining SKINNYPOP®'s robust social media presence, which engages hundreds of thousands of followers across Facebook, Instagram, Twitter, and Pinterest, resulting in millions of user impressions every year.

33. Amplify has invested millions of dollars in promoting and protecting the Amplify SKINNY Marks.

### A. Amplify's Rights in the SKINNY Marks

34. In addition to its common law rights in the Amplify SKINNY Marks, Amplify subsidiary SkinnyPop owns United States trademark registrations for the Amplify SKINNY Marks, all in International Class 30 for use in connection with "popcorn."

35. Recognizing Amplify and its predecessor SkinnyPop's strong rights in the Amplify SKINNY Marks in connection with popcorn, numerous competitors have withdrawn trademark applications for SKINNY-formative marks, and/or have agreed not to use such marks in connection with popcorn.

36. For example, in September 2013, Roundy's Supermarkets agreed to remove the mark "SKINNY POPCORN" from its house brand popcorn products after service of a cease-and-desist letter from SkinnyPop.

37. In March 2014, Cornfields, Inc. abandoned a U.S. trademark application for use of "SKINNY CALORIES" in connection with "popped popcorn" after receipt of a demand from SkinnyPop. In August 2014, Cornfields, Inc. abandoned a Canadian trademark application for use of "HI I'M SKINNY POP" in connection with popcorn at SkinnyPop's insistence.

38. Similarly, in April 2014, SkinnyPop caused Dale & Thomas, maker of Popcorn Indiana popcorn, to withdraw its trademark application for "BE THE SKINNY-EST" for use in

7

connection with popcorn. Dale & Thomas further agreed to cease using "Skinny"-formative marks in connection with popcorn.

39. In September 2014, SkinnyPop caused Medora Snacks, LLC, makers of *Popcorners*, to permanently cease use of "SKINNY CHIPPERS" in connection with popcorn products.

40. In October 2014, SkinnyPop caused popcorn maker American Farmer Brands to abandon its trademark application for "OH, SO SKINNY!" in connection with popcorn. American Farmer Brands also entered into a stipulated consent judgment barring it from using any "SKINNY"-formative trademark in relation to popcorn or similar products. *See SkinnyPop Popcorn LLC v. American Farmer Brands LLC*, Case No. 14-cv-07246 (N.D. Ill. 2014).

41. Also in 2014, SkinnyPop caused Artisan Cocoa, Inc. to abandon its trademark application for "SKINNYMELS" in connection with popcorn.

42. In April 2015, SkinnyPop caused grocery chain Fairway Market to cease use of the mark "LITE N' SKINNY" in connection with its store-brand popcorn products.

43. In May 2015, SkinnyPop caused Express Kings Tea Ltd. to amend its application to register the mark "SKINNY BITCH" to remove "Corn-based snack foods" from the application. Express Kings Tea Ltd further agreed not to use any "SKINNY"-formative marks in connection with popcorn or popcorn-like products.

44. Also in 2015, SkinnyPop caused Skinny Mixes LLC to cease use of the mark "JORDAN'S SKINNY" on popcorn products and to amend its application to register the mark "JORDAN'S SKINNY" to remove any reference to popped popcorn.

45. In August 2016, Dale & Thomas agreed to cease use of the tagline "EVEN MORE POPPED PERFECTION" as infringing on SkinnyPop's registered trademark PURE POPPED PERFECTION®.

46. SkinnyPop has continuously used each of the Amplify SKINNY Marks in commerce since prior to the filing date of the Infringing Applications. In particular, Amplify and its predecessors continuously used the SKINNYPOP® mark in commerce in connection with

popcorn since 2010 and the USPTO granted registration for SKINNYPOP in connection with popcorn on or about May 31, 2011.

### B. Defendants' Infringing Applications and Plans to Bring Infringing Products to the U.S.

47. On September 1, 2016, Defendant Snyder's-Lance announced that it had completed its acquisition of Defendant Metcalfe's through subsidiary Kettle Foods.

48. On September 2, 2016, the day after the acquisition was announced, Defendant Kettle U.K. filed an intent-to-use application in the United States to federally register the following marks in International Class 30 in connection with "popcorn":  METCALFE'S SKINNY (U.S. Serial No. 87160099) and METCALFE'S SKINNY TOPCORN (U.S. Serial No. 87160123) (the "Infringing Applications").  True and correct copies of the Infringing Applications are appended to this Complaint as **Exhibit B**.

49. On information and belief, Defendant Snyder's-Lance controlled Defendant Kettle U.K. at the time the Infringing Applications were filed and did so as part of a concerted business plan to enter the U.S. market and to infringe Amplify's SKINNY Marks.

50. On information and belief, Defendant Snyder's-Lance caused Kettle U.K. to file the Infringing Applications.

51. In recent months, Defendant Snyder's-Lance has promoted the "METCALFE'S SKINNY" brand name in promotional materials targeted at U.S. consumers, including consumers in this District.

52. For example, in a March 14, 2017, press release announcing new products being released in the United States, Snyder's-Lance listed "Metcalfe's skinny®" [sic] as one of its brand names, alongside such U.S. brands as Snyder's of Hanover, Lance, Kettle Brand, and Cape Cod. *See* http://ir.snyderslance.com/releasedetail.cfm?ReleaseID=1017366.

53. In the same press release, Snyder's-Lance further stated that the above-listed "[p]roducts are distributed nationally through grocery and mass merchandisers, convenience store, club stores, food service outlets and other channels."

9

54. Snyder's-Lance's use of the ® symbol next to "Metcalfe's skinny" [sic] in the March 14, 2017 press release was improper in that it falsely asserted that Snyder's-Lance owned a United States trademark registration for "METCALFE'S SKINNY," when no such registration had been granted. On information and belief, Snyder's-Lance used the ® symbol intentionally in order to deceive or mislead the public and/or competitors.

55. In a February 21, 2017 presentation at the Consumer Analyst Group of New York Conference, Snyder's-Lance listed the "METCALFE'S SKINNY" brand as part of the "Growth and Developing" segment of its business within the "International/Export" category, alongside the U.S. chip brand Kettle:



56. In a February 15, 2017 press release announcing its upcoming presentation at the Consumer Analyst Group of New York Conference, Snyder's-Lance also listed "Metcalfe's skinny ®" [sic] as one of its brand names as part of a roster of U.S. Brands. *See* http://ir.snyderslance.com/releasedetail.cfm?ReleaseID=1011962 (stating: "Products are sold under the Snyder's of Hanover®, Lance®, Kettle Brand®, KETTLE® Chips, Cape Cod®, Snack Factory® Pretzel Crisps®, Pop Secret®, Emerald®, Late July®, Krunchers!®, Tom's®, Archway®, Jays®, Stella D'oro®, Eatsmart Snacks™, O-Ke-Doke®, Metcalfe's skinny®, and other brand names along with a number of third party brands.")

10

57. Snyder's-Lance's use of the ® symbol next to "Metcalfe's skinny" [sic] in the February 15, 2017 press release was improper in that it falsely asserted that Snyder's-Lance owned a United States trademark registration for "METCALFE'S SKINNY," when no such registration had been granted. On information and belief, Snyder's-Lance used the ® symbol intentionally in order to deceive or mislead the public and/or competitors.

58. In connection with the Infringing Applications, Defendant Snyder's-Lance, through Kettle U.K., submitted a declaration that it has a bona fide intent to use the Infringing Marks in commerce.

59. On information and belief, Snyder's-Lance and/or Kettle U.K. intend to sell "METCALFE'S SKINNY" products bearing the Infringing Marks in the United States in the immediate future.

### C. Defendants' Infringing Sales into the United States

60. Also in recent months, on information and belief, Defendant Metcalfe's has been selling products bearing the Infringing Marks into the United States via third-party sellers on Amazon.com and Amazon.co.uk.

61. For example, on information and belief, Amazon sellers including Cooking Marvellous, Ltd., JMO Online, Ltd., and British Essentials, Ltd. market numerous popcorn or popcorn-related products bearing the Infringing Marks for sale in the United States, including: Metcalfe's Skinny Popcorn, Metcalfe's Skinny Topcorn Popcorn, Metcalfe's Skinny Popcorn Crisps, Metcalfe's Skinny Popcorn Thins, and Metcalfe's Skinny Corncakes.

//
//

62. Defendant Metcalfe's website directs consumers to Amazon, among other sites, in order to buy Metcalfe's Skinny products online. *See* http://metcalfesskinny.com/where-to-buy/



63. The Amazon button on the Metcalfe's website links directly to a "Shop Metcalfe's skinny" [sic] page where U.S. consumers can purchase Metcalfe's Skinny products:



64. As a result, Metcalfe's Skinny products are readily available to customers across the United States, including in Texas and this district. Multiple purchases of infringing products have occurred in the city of Austin.

65. Metcalfe's Skinny products are also available for purchase in the State of California. Multiple purchases of infringing products have occurred in California.

66. The fact that Metcalfe's Skinny products are available for purchase in the United States is readily discernible by reference to Amazon.com and Amazon.co.uk, including the Amazon page to which the Metcalfe's Skinny site directs users.

67. On information and belief, Defendants knew that Metcalfe's Skinny products were reaching the United States by means of Amazon sellers such as Cooking Marvellous, Ltd., JMO Online, Ltd., and British Essentials, Ltd. and intended for such products to reach the United States.

68. On information and belief, Defendant Kettle U.K. and Defendant Snyder's-Lance controlled Metcalfe's and caused it to engage in such sales of "METCALFE'S SKINNY"-branded products into the United States.

69. Defendants also are selling products into the United States bearing a registration designation "®" despite the fact that Defendants' Infringing Marks are not registered in the United States with the USPTO or otherwise. On information and belief, Defendants have engaged in such improper use of the "®" designation knowingly with the intent to deceive or mislead the public and/or competitors.

70. Metcalfe's also promotes the "METCALFE'S SKINNY" brand and various Infringing Marks on United States-based social media platforms widely used by U.S. consumers.

71. Metcalfe's sales of "METCALFE'S SKINNY"-branded products into the United States are likely to confuse and mislead U.S. consumers as to the source of popcorn products bearing SKINNY-formative marks and steal the goodwill associated with SkinnyPop's dominant Amplify SKINNY Marks.

72. Additionally, as indicated by Kettle U.K.'s intent-to-use application to register the Infringing Marks with the USPTO, there is an imminent and admitted threat that Defendants

Snyder's-Lance and Kettle U.K. will begin use of the Infringing Marks in connection with U.S. sales of popcorn and popcorn-related products. In combination with Metcalfe's ongoing infringement, such sales are highly likely to cause consumer confusion and steal the goodwill associated with SkinnyPop and the dominant Amplify SKINNY Marks.

## CLAIMS FOR RELIEF

### First Claim for Relief
### FEDERAL TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114
### (As to All Defendants)

73. Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

74. Plaintiff owns all right, title, and interest in the registered trademark SKINNYPOP®, which it has used in commerce since 2011. Plaintiff also owns all right, title, and interest in the registered trademarks SKINNYPACK® and THE BIG SKINNY® which it has used in commerce since August 2011 and November 2012, respectively.

75. Through the conduct alleged above, Defendants' use in commerce of the Infringing Marks on products sold into the United States infringes the Amplify SKINNY Marks, and violates 15 U.S.C. § 1114 because the Infringing Marks are confusingly similar, to U.S. consumers, with the well-known SKINNYPOP® mark and other Amplify SKINNY Marks. Metcalfe's use of the Infringing Marks creates the erroneous impression in consumers' minds that Metcalfe's products have been manufactured, approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with Plaintiff and the Amplify SKINNY Marks.

76. On information and belief, Defendants Snyder's-Lance and Kettle U.K. caused Metcalfe's to engage in the infringing U.S. sales and were aware of such sales.

77. Defendants also are selling products into the United States bearing a registration designation "®" despite the fact that Defendants' Infringing Marks are not registered in the United States with the USPTO or otherwise. On information and belief, Defendants' have engaged in such improper use of the "®" designation knowingly with the intent to deceive or mislead the public and/or competitors.

78. Defendants' imitation and unauthorized use of the Amplify SKINNY Marks is causing irreparable injury to Plaintiff by, *inter alia*, destroying U.S. consumers' unique association of the Amplify SKINNY Marks with Plaintiff's products.

79. Plaintiff has no adequate remedy at law for Defendants' misconduct. Unless Defendants are enjoined and restrained from continuing their infringement, consumers will continue to be confused and Plaintiff's injuries will continue to occur.

80. Plaintiff also is entitled to recover from Defendants any gains, profits, and advantages as a result of Defendants' infringement, in an amount to be proven at trial.

81. Defendants' intentional and willful misconduct entitles Plaintiff to treble damages and attorney's fees pursuant to 15 U.S.C. § 1117.

**Second Claim for Relief**
**FALSE DESIGNATION OF ORIGIN – 15 U.S.C. 1125(a)**
**(As to All Defendants)**

82. Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

83. Plaintiff owns all right, title, and interest in the registered trademark SKINNYPOP®, which it has used validly and continuously in commerce since 2011. Plaintiff also owns all right, title, and interest in the registered trademarks SKINNYPACK® and THE BIG SKINNY® which it has used validly and continuously in commerce since August 2011 and November 2012, respectively.

84. Through the conduct alleged above, Defendants' use in commerce of the Infringing Marks on products sold into the United States infringes the Amplify SKINNY Marks, and violates 15 U.S.C. § 1114 because the Infringing Marks are confusingly similar, to U.S. consumers, with the well-known SKINNYPOP® mark and other Amplify SKINNY Marks. Defendants' use of the Infringing Marks creates the erroneous impression in consumers' minds that Metcalfe's products have been manufactured, approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with Plaintiff and the Amplify SKINNY Marks. Such use constitutes a false designation of origin within the meaning of 15 U.S.C.§ 1125(a).

85. On information and belief, Defendants chose to use the Infringing Marks in the United States with the intent to cause confusion among consumers and to deceive them into believing that Defendants' products are made by, endorsed by, or otherwise associated with Plaintiff or SKINNYPOP® products.

86. Defendants also are selling products into the United States bearing a registration designation "®" despite the fact that Defendants' Infringing Marks are not registered in the United States with the USPTO or otherwise. On information and belief, Defendants' have engaged in such improper use of the "®" designation knowingly with the intent to deceive or mislead the public and/or competitors.

87. Defendants have profited from their unfair competition, and Plaintiff has suffered damages in amount to be proven at trial.

88. Defendants' intentional and willful misconduct in misleading U.S. consumers entitles Plaintiff to treble damages and attorney's fees pursuant to 15 U.S.C. § 1117.

89. Defendants' infringement is causing irreparable harm by confusing consumers and enabling Defendants to unlawfully profit by trading off of Plaintiff's Amplify SKINNY Marks. Plaintiff will continue to suffer such harm unless Defendants' infringing conduct is enjoined by this Court.

**Third Claim for Relief**
**TRADEMARK DILUTION – 15 U.S.C. 1125(c)**
**(As to All Defendants)**

90. Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

91. The Amplify SKINNY Marks are distinctive and famous in that they are widely recognized by the general consuming public of the United States as a designation of the source of Plaintiff's goods.

92. On information and belief, Defendants' use of the Infringing Marks in the United States began after the Amplify SKINNY Marks became famous.

16

93. Defendants' continued use of the Infringing Marks is likely to cause injury to Plaintiff's business reputation and/or the dilution of the distinctive quality of Plaintiff's famous Amplify SKINNY Marks.

94. Defendants' acts have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiff's Amplify SKINNY Marks, business, reputation, and goodwill. Plaintiff has no adequate remedy at law because monetary damages are inadequate to compensate Plaintiff for the injuries caused by Defendants.

**Fourth Claim for Relief**
**UNFAIR COMPETITION – TEXAS COMMON LAW**
**(As to All Defendants)**

95. Plaintiff incorporates by reference the facts and allegations set forth in each of the preceding paragraphs as though fully set forth herein.

96. Through their use in commerce of the Infringing Marks on products sold into the United States, Defendants have unfairly competed with Plaintiff by misleading consumers and trading on the goodwill associated with the Amplify SKINNY Marks.

97. Through such conduct, Defendants have infringed the Amplify SKINNY Marks, violating 15 U.S.C. § 1114 and Texas common law.

98. Defendant has profited from its unfair competition, and Plaintiff has suffered damages in an amount to be proven at trial.

99. On information and belief, Defendants chose to use the Infringing Marks in the United States, including in Texas, with knowledge of the Amplify SKINNY Marks and with the intent to cause confusion among consumers and to deceive them into believing that Defendants' products are made by, endorsed by, or otherwise associated with Plaintiff or SKINNYPOP® products.

100. Defendants also are selling products into the United States and Texas bearing a registration designation "®" despite the fact that Defendants' Infringing Marks are not registered in the United States with the USPTO or otherwise. On information and belief, Defendants' have

engaged in such improper use of the "®" designation knowingly with the intent to deceive or mislead the public and/or competitors.

101. Accordingly, Plaintiff is entitled to an award of treble damages and profits, as well as attorneys' fees, pursuant to Tex. Bus. & Comm. Code § 16.104.

102. Defendant's infringement is causing irreparable harm by confusing consumers and enabling Defendant to unlawfully profit by trading off of Plaintiff's Amplify SKINNY Marks. Plaintiff will continue to suffer harm unless Defendant's infringing conduct is enjoined by this Court.

### Fifth Claim for Relief
### DECLARATORY JUDGMENT
### (As to All Defendants)

103. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

104. Defendants' intended and ongoing use of the Infringing Marks in connection with popcorn or products similar to popcorn in the United States infringes the registered Amplify SKINNY Marks.

105. Defendant Kettle U.K. filed federal trademark applications on an intent-to-use basis, including a declaration of its bona fide intent to use the Infringing Marks in connection with popcorn and/or snack products.

106. Defendants are engaged in activities directed towards further use of the Infringing Marks in commerce in a manner that is likely to cause confusion among the relevant U.S. public that Defendants' popcorn products are affiliated with, or related to, SkinnyPop's popcorn products.

107. Defendants also are selling products into the United States bearing a registration designation "®" despite the fact that Defendants' Infringing Marks are not registered in the United States with the USPTO or otherwise. On information and belief, Defendants' have engaged in such improper use of the "®" designation knowingly with the intent to deceive or mislead the public and/or competitors.

108. As such, there is an immediate and imminent threat that Defendants will continue and/or begin using the Infringing Marks in the United States in connection with packaged popcorn or products similar to popcorn, and therefore a case of actual justiciable controversy exists between Plaintiff and Defendants under 28 U.S.C. §§ 2201-2202.

109. Plaintiff accordingly seeks in the alternative a declaratory judgment that Defendants' use of the Infringing Marks in connection with the sale, marketing or distribution of popcorn or products similar to popcorn would infringe the Amplify SKINNY Marks.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Amplify Snack Brands, Inc. prays that the Court order and/or issue the following relief:

A. Preliminarily and permanently enjoin Defendants from using the Infringing Marks in connection with the sale, marketing or distribution of popcorn or products similar to popcorn in the United States.

B. Award Plaintiff its amount of damages and/or the amount of Defendants' profits arising from Defendant's use of the Infringing Marks in the United States, pursuant to 15 U.S.C. § 1117.

C. Award Plaintiff three times its actual damages according to proof, as well as the costs of this action, in accordance with 15 U.S.C. § 1117.

D. Find this action to be an "exceptional case" such that Amplify be awarded its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117.

E. Award Amplify its reasonable attorneys' fees, three times its actual damages according to proof, and three times Defendants' profits arising out of the infringing sales, pursuant to Tex. Bus. & Comm. Code § 16.104.

F. Declare that Defendants' continued use of the Infringing Marks in connection with the sale, marketing or distribution of popcorn or products similar to popcorn in the United States would infringe the Amplify SKINNY Marks.

G. Order the cancelation of the Infringing Applications pursuant to 15 U.S.C. § 1119.

H. Award Amplify such other and further relief as this Court deems equitable and proper.

Dated: April 11, 2017

Respectfully Submitted,

_____
Ryan A. Botkin

Ryan A. Botkin (TX Bar No. 00793366)
**Wittliff Cutter Austin, PLLC**
1803 West Avenue
Austin, Texas 78701
Tel: 512-960-4730
Fax: 512-960-4869
ryan@wittliffcutter.com

J. Noah Hagey (CA Bar No. 262331)
 (*Pro hac vice forthcoming*)
J. Tobias Rowe (CA Bar No. 305596)
 (*Pro hac vice forthcoming*)
**BraunHagey & Borden LLP**
220 Sansome Street, Second Floor
San Francisco, CA 94104
Tel & Fax: 415-599-0210
hagey@braunhagey.com
rowe@braunhagey.com

*Attorneys for Plaintiff Amplify Snack Brands, Inc.*